RODGER I. HOFFMAN        5557-0
rodger@rmhlawhawaii.com
RYAN M. KAUFMAN        10532-0
ryan@rmhlawhawaii.com

ROSENBERG McKAY HOFFMAN
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2350
Honolulu, Hawaii 96813
Telephone:  (808) 536-4270
Facsimile:(808) 533-0434

Attorneys for Plaintiff
Masatoshi Sakanoue

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MASATOSHI SAKANOUE, <br><br> Plaintiff, <br><br> vs. <br><br> HAWAII EXECUTIVE CHARTER, LLC; <br><br> Defendant. | Civil No.:_____ <br><br> **COMPLAINT; SUMMONS** |

## **COMPLAINT**

Comes now Plaintiff Masatoshi Sakanoue, by and through his attorneys, Rosenberg McKay Hoffman, and for a Complaint against the above-named Defendant, hereby asserts the following allegations:

1.      Plaintiff Masatoshi Sakanoue ("Plaintiff") is, and at all times relevant herein was, a citizen of Japan with his principal place of residence in Tokyo, Japan.

2.     Defendant Hawaii Executive Charter, LLC (hereinafter "HEC") is, and at all times relevant herein was, a Hawaii corporation organized and existing under the laws of the State of Hawaii with its principal place of business within the County of Hawaii, State of Hawaii.  At all times relevant, Defendant HEC operated and advertised a boat charter business which transported passengers for recreational purposes in and around the island of Hawaii, for a fee.  Among the vessels owned and operated by Defendant HEC was the vessel known as "Kyra's Pearl."

3.     Jurisdiction is asserted pursuant to Title 28 U.S.C. §1333(1), under general maritime law, for personal injury claims arising within the navigable waterways of the United States, its territorial waters, and on the high seas.

4.     Venue is asserted pursuant to Title 28 U.S.C. §§1391(b)(1) and (2).

5.     On or about August 29, 2019, Plaintiff purchased a snorkeling and dolphin tour cruise package from Defendant HEC on the Island of Hawaii.  Plaintiff embarked on Kyra's Pearl with his wife and other passengers on the morning of August 29, 2019.  Kyra's Pearl sailed out into the Pacific Ocean in and around the Island of Hawaii within navigable and/or territorial waters of the United States for approximately twenty (20) minutes before the captain indicated that Kyra's Pearl and its passengers had reached the location where they would attempt to snorkel with wild dolphins.

6.     At the direction of the captain, and assisted by a deckhand of Kyra's Pearl, Plaintiff entered the water to the rear of Kyra's Pearl using a ladder attached to the back of the boat.  Concurrently, the captain had negligently failed to turn off the motor, and the boat's propellor continued to spin underwater as Plaintiff descended the ladder.

7.     Despite the presence of a crew member for safety, the spinning propellor of Kyra's Pearl made contact with Plaintiff's lower right leg resulting in serious bodily injury and other damages to Plaintiff.

8.     Defendant HEC had the highest duty of care to Plaintiff to provide a reasonably safe vessel and to take reasonable measures to ensure Plaintiff's safety while Plaintiff was engaged in the chartered activity and during transport.  Defendant HEC failed to operate Kyra's Pearl in a safe manner, failed to ensure Plaintiff's safety, and exposed Plaintiff to the dangers of the boat's spinning propellor without warning Plaintiff of those dangers and without taking any action to eliminate the risk of harm to Plaintiff.

9.     Defendant HEC's breach of such obligations constitutes negligence, gross negligence, and willful and wanton disregard for the rights and safety of Plaintiff.

10.     As a legal and proximate result of Defendant's wrongful conduct, Plaintiff sustained serious bodily injury and other damages, and is entitled to

compensation for past and future medical expenses, lost wages and/or business profits, and general damages, including, but not limited to, pain and suffering, emotional distress and mental anguish, loss of enjoyment of life, and other special, general, and punitive damages as permissible by law.

WHEREFORE, Plaintiff Masatoshi Sakanoue prays for relief against Defendant HEC as follows:

1.     For special, general, and punitive damages in amounts to be proven at trial;

2.     For prejudgment and post-judgment interest as allowed by law;

3.     For reasonable costs and attorneys' fees; and

4.     For other such relief as deemed equitable and just under the circumstances.

DATED:  Honolulu, Hawaii, July 12, 2022.

/s/ Rodger I. Hoffman
RODGER I. HOFFMAN
RYAN M. KAUFMAN
*Attorneys for Plaintiff*